other circumstances which might be mentioned. While we are unable to see how such evidence is to be excluded, I must be allowed to express the fear that it may prove a dangerous element in this class of cases, unless the attention of juries is pointedly called to the other questions which affect it.

Upon the whole, we are of opinion the evidence referred to was properly received, and this specification is not sustained. The judgment is reversed, and a venire facias de novo awarded.

146    517
25 SC  647

## JOS. FOLLMER ET AL. v. JAMES McGINLEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 2, 1891—Decided January 4, 1892.

Where the questions of fact raised by the evidence are fairly submitted to the jury for their determination, explanatory comments upon the weight of certain testimony, though unfavorable to one of the parties, do not disclose error for which the judgment should be reversed.[*]

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 213 October Term 1891, Sup. Ct.; court below, No. 3 December Term 1890, C. P. No. 1.

To the first Monday of October 1890, Joseph Follmer and Louis Follmer, partners as Joseph Follmer & Brother, issued a scire facias sur mechanics' lien against James McGinley. Issue.

At the trial, on May 18, 1891, the testimony being closed, the court, STOWE, P. J., submitted the questions of fact to the jury, commenting upon the evidence as to particular defects in the erection of the building for which deductions were claimed by the plaintiff, as, for example, in the concluding part of the charge, to wit:

The defendant has a right to what he contracted for, and if

See Commonwealth v. Orr, 138 Pa. 276.

he does not get it, he has a right to be made whole, as if he had it. That will apply to the other matters. [The plastering is said to have cracked. In any ordinary frame house, the plastering is likely to crack more or less. There does not seem to have been any serious cracking in this house. It is said that you could stick a knife blade in. That could be papered, or perhaps a little plaster would fill it up so that it would look well when calcimined or whitewashed.] [3] All these things are to be considered by the jury.

The question, then, is: How much has the defendant shown, if anything, that ought to be deducted from the plaintiffs' claim? The plaintiffs would be entitled to $1,125. Start with that. They claim sixty-two dollars for extra work, which would make $1,187. Are they entitled to any compensation for extra work at all? If so, how much? Whatever you think they are entitled to, you ought to add to the $1,125. If you think they are not entitled to anything for extra work, you may take the $1,125 as the basis of their claim, and then consider how much less this house is worth than it would have been if the plaintiffs had complied with their contract; that is, if they did not comply with it. You take that from the $1,125, add the interest, and that would be the amount of your verdict.

—The jury returned a verdict for the plaintiffs for $1,231.50. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning inter alia, for error:

3. The portion of the charge embraced in [　] [3]

Mr. Wm. A. Golden (with him Mr. A. V. D. Watterson), for the appellant.

Mr. James M. Cook, for the appellees, was not heard.

Per Curiam:

Judgment affirmed.